JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-01048-DOC (JCGx)                                   Date: July 29, 2016

Title: HORACIO GODOY V. THE BANK OF NEW YORK MELLON, ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMAND [12]**

Before the Court is Plaintiff Horacio Godoy's ("Godoy" or "Plaintiff") Motion to Remand ("Motion") (Dkt. 12). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the Motion, the Court determines it lacks subject matter jurisdiction over the case. Accordingly, the case is REMANDED to Orange County Superior Court.

**I.   Background**

On November 21, 2007, Plaintiff obtained a loan for $1,000,000 from Countrywide Bank, FSB ("Countrywide"). The loan was secured by a promissory note and a Deed of Trust with respect to the subject property at 23 Prairie, Irvine, CA 92618. Complaint ("Compl.") (Dkt. 1-1) ¶¶ 8–10. The Deed of Trust states Countrywide is the lender, and ReconTrust Company, N.A. is the trustee to the Deed of Trust. *Id*. ¶ 10. Plaintiff disputes The Bank of New York Mellon fka The Bank of New York, as Trustee for the Benefit of CWMBS, Inc. CHL Mortgage Pass-Through Trust 2007-21 Mortgage Pass-Through Certificates, Series 2007-21 ("BNY"), Shellpoint Mortgage Servicing ("Shellpoint"),[1] and Peak Foreclosure Services Inc. ("Peak") (collectively, "Defendants") were properly substituted as the lender, loan servicer, and trustee, respectively. *Id*. ¶ 15. On February 17,

---

[1] New Penn Financial, LLC is a limited liability company that does business under the name Shellpoint Mortgage Servicing. *See* Notice of Removal at 4.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-01048-DOC (JCGx)                                               Date: July 29, 2016
                                                                                                                                            Page 2

2016, Defendants recorded a notice titled "Notice of Default and Election to Sell Under Deed of Trust." ("Notice of Default"). *Id*. ¶ 11. The crux of Plaintiff's Complaint is that Defendants did not comply with the required procedures of the California Homeowner Bill of Rights ("HBOR") before recording the Notice of Default and attempting to foreclose on Plaintiff's property. *See generally* Compl.

Plaintiff filed suit in Orange County Superior Court on May 6, 2016, asserting six claims: (1) violations of California Civil Code § 2923.55; (2) violations of California Civil Code § 2924.17; (3) violations of California Civil Code § 2923.6; (4) violations of California Civil Code § 2924(a)(6); (5) request to cancel instrument under California Civil Code § 3412; and (6) unfair, unlawful, and fraudulent business practices under California Business and Professions Code § 17200. *See generally* Compl.

On June 6, 2016, Defendants removed the case to federal court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* Notice of Removal (Dkt. 1). Plaintiff filed the instant Motion on July 6, 2016. Defendants opposed on July 8, 2016. (Dkt. 14).

**II.**      **Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)."). Additionally, the court may remand *sua sponte*, not just upon motion by a party. *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1295 (C.D. Cal. 2000).

A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-01048-DOC (JCGx)                                      Date: July 29, 2016
                                                                                                                              Page 3

by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

      However, a major limitation exists regarding the defendant's right to removal. A defendant may not remove a civil action to federal court in the state in which the action was brought if the defendant is a citizen of that state. 28 U.S.C. § 1441(b)(2); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90, n.6 (2005) (noting lower courts' characterization of the defect as procedural, not jurisdictional). Thus, a district court must remand a case removed by a "local" defendant – that is, a defendant who is a citizen of the state in which the action was originally brought. *See Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

## III.    Discussion

      Plaintiff, a California citizen, argues the Court should use the principle place of business test and find that Defendants BNY and Shellpoint are citizens of California, and thus, diversity of citizenship is destroyed. Mot. at 13–15. In the Notice of Removal, Defendants assert BNY is a Delaware corporation with its principle place of business in New York, and Shellpoint is a dba for New Penn Financial, LLC, a Delaware limited liability company. Notice of Removal at 4.

      Thus, the Court must determine whether Defendants have met their burden to establish there is diversity of citizenship supporting diversity jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction . . . It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

      Plaintiff's assertion that the principle place of business test should be used to determine Shellpoint's citizenship is incorrect. New Penn Financial, LLC ("New Penn") doing business as Shellpoint Mortgage Servicing is a limited liability company. Notice of Removal Ex. 3 (Dkt. 1-1). For the purposes of diversity jurisdiction, the Ninth Circuit has held the principle place of business is not the appropriate test for determining the citizenship of an LLC; rather, an LLC is a citizen of every state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Because Defendant Shellpoint is a dba of New Penn Financial, LLC, the Court must look to the citizenship of New Penn's members. Defendants, however, fail to allege any facts or offer any evidence

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-01048-DOC (JCGx) | Date: July 29, 2016 |
| | Page 4 |

concerning the citizenship of New Penn's members. Because Defendants have not met their burden to establish that diversity of citizenship exists between parties, the Court concludes remand is warranted. *See Global. Concierge Holdings v. Charbo*, No. CV 13-5203-RGK MANX, 2013 WL 6241589, at *2–3 (C.D. Cal. Dec. 3, 2013) (finding failure to proffer evidence concerning the citizenship of an LLC's members gave Defendant no basis for removal); *see also Solberg v. NDEx West, L.L.C.,* No. C 10–4600 SBA, 2011 WL 1295940, at *3–4 (N.D. Cal. Mar. 31, 2011) (granting remand when defendant failed to allege facts regarding the citizenship of an LLC).

Diversity jurisdiction requires that there be both complete diversity of the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Having concluded Defendants have not met their burden to show there is diversity of the parties, the Court need not consider Plaintiff's additional arguments in favor of remand.

Additionally, Plaintiff requests payment of costs as the Court sees fit. Mot. at 16. "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held "that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Here, although the Court has concluded it lacked subject matter jurisdiction in this case, the Court will not go so far as to find Defendants' arguments were objectively unreasonable. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("There is no question that [Defendant]'s arguments were losers. But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.") Accordingly, the Court declines to award costs for Godoy.

### IV. Disposition

For the foregoing reasons, the Court hereby GRANTS the Motion and REMANDS this action to the Superior Court of California, County of Orange, Case No. 30-2016-00850536-CU-OR-CJC.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |